UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:26-cv-2561 |
| | ) | |
| v. | ) | |
| | ) | |
| BRUCE A. SCHLAITZER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff, the United States of America, at the request and with the authorization of a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, brings this action to collect the penalties assessed under 31 U.S.C. § 5321(a)(5) against Defendant Bruce A. Schlaitzer ("Defendant") for his willful failure to report his interest in foreign financial accounts during the 2012, 2013, and 2014 calendar years. In support of this action, the United States alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355 because it arises under a federal statute, the United States is the Plaintiff, and the action seeks to recover civil penalties incurred under an Act of Congress.

2. Defendant's last known address is in England, United Kingdom. Thus, venue is proper in any United States district court. 28 U.S.C. § 1391(c)(3).

### PARTIES

3. Plaintiff is the United States.

4. Defendant Bruce A. Schlaitzer is a United States citizen.

1

**BACKGROUND**

5.      Defendant attended Washington State University, where he earned a bachelor's degree in architecture in the 1960s. He maintained his architecture license until 2010.

6.      Defendant pursued a career in project management. His employers have included Euro Disney, Bovis Lend Lease International, Parson Brinckerhoff Middle East, and Hill International.

7.      From 2009 to 2014, Defendant was employed by Hill International in London and Athens.

8.      During 2012, 2013, and 2014, Defendant had an ownership interest in at least ten foreign financial accounts.

**THE FBAR REPORTING REQUIREMENT**

9.      All citizens and residents of the United States who have a financial interest in, or signature or other authority over, foreign financial accounts with an aggregate maximum value of greater than $10,000 at any point during the calendar year are required to file an annual report disclosing the existence of each account. 31 U.S.C. § 5314; 31 C.F.R. § 1010.350; 31 C.F.R. § 1010.306.

10.      For the 2012, 2013, and 2014 years, the annual report, known as a Report of Foreign Bank and Financial Accounts ("FBAR") was due no later than June 30 of each following calendar year. 31 C.F.R. § 1010.306(c).

11.      Defendant was required to file an FBAR reporting his financial interest in his Hong Kong and Shanghai Banking Corporation financial accounts on or before June 30, 2013; June 30, 2014; and June 30, 2015.

12. Defendant was required to file an FBAR reporting his financial interest in his Barclays Premium United Kingdom financial accounts on or before June 30, 2013; June 30, 2014; and June 30, 2015.

13. Defendant was required to file an FBAR reporting his financial interest in his Eurobank financial account on or before June 30, 2013; June 30, 2014; and June 30, 2015.

14. Defendant was required to file an FBAR reporting his financial interest in his Citibank/Alpha Bank Greece financial account on or before June 30, 2013; June 30, 2014; and June 30, 2015.

## THE FBAR PENALTY

15. Section 5321(a)(5) of Title 31 authorizes the imposition of civil penalties for a willful failure to comply with the requirements of 31 U.S.C. § 5314.

16. The maximum amount of the penalty for a willful failure to report an account is $100,000 or 50% of the balance in the account at the time of the violation, whichever is greater. 31 U.S.C. § 5321(a)(5)(C).

17. The penalty under 31 U.S.C. § 5321(a)(5)(C) is subject to interest and late-payment penalties under 31 U.S.C. § 3717.

## DEFENDANT'S ACCOUNTS

18. During 2012, Defendant was the owner or co-owner of at least nine foreign accounts, including accounts with: Hong Kong and Shanghai Banking Corporation (Greece, United Kingdom, United Arab Emirates), Barclays Premier United Kingdom, Eurobank, and Citibank/Alpha Bank Greece.

19. The aggregate balance in the above-mentioned foreign bank accounts exceeded $10,000 during the 2012 calendar year.

3

20.     During 2013, Defendant was the owner or co-owner of at least nine foreign accounts, including accounts with Hong Kong and Shanghai Banking Corporation (Greece, United Kingdom, United Arab Emirates), Barclays Premier United Kingdom, Eurobank, and Citibank/Alpha Bank Greece.

21.     The aggregate balance in the above-mentioned foreign bank accounts exceeded $10,000 during the 2013 calendar year.

22.     During 2014, Defendant was the owner or co-owner of at ten foreign accounts, including accounts with Hong Kong and Shanghai Banking Corporation (Greece, United Kingdom, United Arab Emirates), Barclays Premier United Kingdom, Eurobank, and Citibank/Alpha Bank Greece.

23.     The aggregate balance in the above-mentioned foreign bank accounts exceeded $10,000 during the 2014 calendar year.

24.     As a U.S. citizen, Defendant was required to report his interest in foreign accounts.

25.     Around 2017, Defendant submitted into the offshore voluntary disclosure program (“OVDP”). At the time of his OVDP submission, Defendant disclosed foreign bank accounts with Hong Kong and Shanghai Banking Corporation (Greece, United Kingdom, United Arab Emirates), Barclays Premier United Kingdom, Eurobank, and Citibank/Alpha Bank Greece. He also provided bank statements to the Internal Revenue Service (“IRS”).

26.     At that same time, Defendant filed amended income tax returns for the 2012, 2013, and 2014 tax years reporting additional foreign income which he previously did not report.

27.     Defendant was rejected from the OVDP due to his failure to liquidate certain partnerships in order to pay his estimated tax liability under the OVDP.

4

**DEFENDANT WILLFULLY FAILED TO REPORT HIS FOREIGN ACCOUNTS**

28.    Defendant's failure to timely report his interest in his foreign bank accounts for the 2012, 2013, and 2014 calendar years was willful.

29.    Defendant did not timely file FBARs reporting his interest in his foreign bank accounts for the 2012, 2013, and 2014 calendar years.

30.    Defendant knew that he had an interest in or exercised control over his unreported foreign accounts.

31.    Defendant did not inform his return preparer about his foreign bank accounts.

32.    On his federal income tax returns, Defendant reported only the U.S. portion of his interest income and failed to report interest income from his foreign bank accounts for 2013 and 2014.

33.    Defendant failed to report as income on his federal income tax returns his foreign wages that went directly into his foreign bank accounts during 2012, 2013, and 2014.

34.    Defendant checked "No" on the Form 1040, Schedule B question asking whether he had any foreign accounts for 2013 and 2014. No Schedule B was filed for 2012.

**THE IRS PROPERLY ASSESSED FBAR PENALTIES FOR 2012, 2013, AND 2014**

35.    For 2012, the IRS assessed a willful FBAR penalty of $16,439 on July 22, 2024.

36.    For 2013, the IRS assessed a willful FBAR penalty of $22,836 on July 22, 2024.

37.    For 2014, the IRS assessed a willful FBAR penalty of $29,708 on July 22, 2024.

38.    Generally, the IRS must assess a willful FBAR penalty six years from the date of the violation. 31 U.S.C. § 5321(b)(1). For the 2012, 2013, and 2014 years, Defendant was required to file the FBAR by June 30, 2013; June 30, 2014; and June 30, 2015, respectively.

39.     Thus, the deadline for the IRS to assess a willful FBAR penalty for 2012, 2013, and 2014 was set to expire on June 30, 2019; June 30, 2020; and June 30, 2021, respectively.

40.     However, Defendant consented to extend the time for the IRS to assess an FBAR penalty against him for the 2012, 2013, and 2014 years until December 31, 2024.

41.     Because the penalties were assessed on July 22, 2024, the penalties were timely assessed.

<strong>COUNT I: REDUCTION OF FBAR PENALTIES TO JUDGMENT</strong>

42.     The United States incorporates the preceding paragraphs as if fully set forth herein.

43.     During 2012, 2013, and 2014, Defendant was a United States citizen who had a financial interest in or signatory authority over at least ten foreign bank accounts, identified in paragraphs 18, 20, and 22, above, the aggregate value of which exceeded $10,000.

44.     Defendant failed to file an FBAR with respect to the financial accounts identified in paragraphs 18, 20, and 22, above.

45.     Defendant's failure to file these FBARs was willful within the meaning of 31 U.S.C. § 5321(a)(5).

46.     On July 22, 2024, a delegate of the Secretary of the Treasury assessed the following civil penalties against Defendant under 31 U.S.C. § 5321(a)(5): $16,439 for 2012; $22,836 for 2013; and $29,708 for 2014.

47.     A delegate of the Secretary of the Treasury sent notice of the assessments described in the preceding paragraph to Defendant and demanded payment of the assessments on September 11, 2024.

48.     Despite notice and demand, Defendant has failed to fully pay the penalties described in paragraph 46, above.

49.     Interest and late-payment penalties have accrued and will continue to accrue on the penalties described in paragraph 46, above, pursuant to 31 U.S.C. § 3717 until they are paid in full.

50.     As of August 15, 2025, Defendant is indebted to the United States with respect to the penalties described in paragraph 46, above, in the amount of $75,371.03,[1] plus statutory additions that continue to accrue thereafter as provided by law until the liability is paid in full.

## PRAYER FOR RELIEF

WHEREFORE, the United States respectfully asks that the Court to:

A.  Enter judgment in favor of the United States and against Defendant with respect to the civil penalty assessments described in paragraph 46, above, in the amount of $75,371.03, as of August 15, 2025, plus statutory interest and other additions to tax accruing thereafter according to law until paid in full;

B.  Award the United States its costs incurred in prosecuting this action; and

C.  Such other and further relief as the Court deems just and proper.

*(Signature on next page.)*

---

[1] The total amount consists of the assessed FBAR penalties in the amount of $$68,983, plus accrued and assessed late payment penalties in the amount of $3,832.82, plus accrued and assessed interest in the amount of $2,555.21, as of August 15, 2025.

Dated: July 21, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General
Tax Litigation Branch

/s/ Maria E. Ruwe
MARIA E. RUWE
Trial Attorney
Tax Litigation Branch
Civil Division, Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-746-1624 (phone)
202-514-6866 (fax)
Maria.E.Ruwe@usdoj.gov
Counsel for Plaintiff